Russell G. Wheeler (RW8995)
Charny & Associates
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnyandassociates.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LEE SIMPSON,

                               Plaintiff,

       v.

ADVANCED RECONNAISSANCE
CORP., MARK WESTFIELD, JOSEPH
JAMIN, DR. SHENG-HUEI CHANG,

                          Defendants.

Civil Action No.

COMPLAINT

## INTRODUCTION

1.    This is an action brought by Plaintiff for unpaid wages under the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the minimum wage and payment of wages provisions of the New York Labor Law ("NYLL"), N.Y. Lab. L. §§ 190, 650 et seq., and for quantum meruit and breach of contract under the New York common law.

## JURISDICTION

2.    Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

3.     This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. § 1367(a).

VENUE

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants all reside within this District.

PARTIES

5.     Plaintiff Joseph Lee Simpson is an individual residing in Saugerties, Ulster County, New York.

6.     Defendant Advanced Reconnaissance Corp. (herein Corporate Defendant) is a Nevada corporation and an entity incorporated as a foreign business corporation under the laws of the State of New York, having a principal place of business located in Fishkill, Dutchess County, New York.

7.     Upon information and belief, Corporate Defendant is a for-profit business incorporated in the State of New York that conducts business within the States of New York, Maryland and Nevada, with a gross volume of sales made or business done of not less than $500,000 per year, and employs two or more individuals, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

8.     Defendant Mark Westfield (herein Defendant Westfield) is an owner, founder and Chief Executive Officer of Corporate Defendant and resides in East Fishkill, Dutchess County, New York.

9.     At all times relevant to this Complaint, Defendant Westfield exercised control over all aspects of the day-to-day functions of Corporate Defendant, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing

the business operations; (ii) power to establish, and did establish, the terms of employment of Plaintiff; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

10.     At all times relevant to this Complaint, Defendant Westfield acted directly and indirectly in Corporate Defendant's interests in relation to its employees, including Plaintiff.

11.     Defendant Joseph Jamin (herein Defendant Jamin) is an owner, founder and Chief Financial Officer of Corporate Defendant and resides in Cold Spring, Putnam County, New York.

12.     At all times relevant to this Complaint, Defendant Jamin exercised control over all aspects of the day-to-day functions of Corporate Defendant, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and did establish, the terms of employment of Plaintiff; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

13.     At all times relevant to this Complaint, Defendant Jamin acted directly and indirectly in Corporate Defendant's interests in relation to its employees, including Plaintiff.

14.     Defendant Dr. Sheng-Huei Change (herein Defendant Chang) is an owner, founder and Chief Scientist of Corporate Defendant and resides in Hyde Park, Dutchess County, New York.

15.     At all times relevant to this Complaint, Defendant Jamin exercised control over all aspects of the day-to-day functions of Corporate Defendant, including: (i) operational control

3

over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and did establish, the terms of employment of Plaintiff; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

16.     At all times relevant to this Complaint, Defendant Jamin acted directly and indirectly in Corporate Defendant's interests in relation to its employees, including Plaintiff.

17.     At all times relevant herein, Corporate Defendant, Defendant Westfield, Defendant Jamin, and Defendant Change (collectively herein Defendants) were joint employers of Plaintiff.

18.     At all times relevant herein, Defendants act indirectly and directly in each others' interests in relation to Plaintiff's employment.

FACTS

19.     From in or about August 2009 through July 2010, from in or about September 2011 through in or about November 2013, and from in or about September 2015 to the present, Defendants have employed Plaintiff as an Engineering Technician at their Fishkill, New York location.

20.     As an Engineering Technician, Plaintiff's duties and responsibilities included designing and fabricating electrical system components and performing airborne operations, mechanical assembly, and optical laboratory functions for surveillance equipment.

21.     Throughout Plaintiff's employment with Defendants, at no time did he exercise discretion and independent judgment in functional areas of Defendants' business such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement,

4

advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, computer network, Internet and database administration, legal and regulatory compliance, or other similar activities.

22.     Throughout Plaintiff's employment with Defendants, at no time did he have the authority to formulate, affect, or interpret management policies or operating practices of Defendants.

23.     Throughout Plaintiff's employment with Defendants, at no time did he carry out major assignments in conducting the operations of the Defendants' business without express approval of Defendant.

24.     Throughout Plaintiff's employment with Defendants, at no time did he have the authority to waive or deviate from established policies and procedures without prior approval of Defendant.

25.     Throughout Plaintiff's employment with Defendants, at no time did his primary duties include exercising discretion and independent judgment with respect to matters of significance.

26.     At all times relevant herein, Plaintiff's agreed-upon rate of compensation was forty dollars and ninety-six cents ($40.96) for each hour worked for Defendants.

27.     At all times relevant herein, Defendants had agreed to and were obligated to reimburse Plaintiff for work-related expenses incurred in the performance of his job duties.

28.     On or about September 1, 2013, Defendants ceased paying Plaintiff any compensation for any of the hours worked Defendants.

29.     For the pay periods ending September 1, 2013 through November 3, 2013, Plaintiff received no compensation whatsoever for the hours he worked on Defendants' behalf.

30.     During the time encompassed by the pay periods ending September 1, 2013 through November 3, 2013, Plaintiff worked approximately four hundred eighteen (418) hours for Defendants, including two weeks during which Plaintiff worked in excess of forty (40) hours per week.

31.     The wages earned by Plaintiff for the work performed during the time encompassed by the pay periods ending September 1, 2013 through November 3, 2013 totaled no less than twenty-one thousand one hundred four dollars and sixty-four cents ($21,104.64), including overtime and paid vacation and personal leave time.

32.     In addition, during the time encompassed by the pay periods ending September 1, 2013 through November 3, 2013, Plaintiff incurred expenses on behalf of Defendants totaling eight hundred nine dollars and fifteen cents ($809.15), for which Defendants were obligated to reimburse him, but failed to do so.

33.     The total amount of wages and reimbursements due and owing plaintiff totaled no less than twenty-one thousand nine hundred thirteen dollars and seventy-nine cents ($21,913.79) as of the pay period ending November 3, 2013.

34.     Defendants subsequently agreed to compensate Plaintiff for all of the foregoing wages and reimbursements due and owing him, including an additional payment in the amount of one thousand fifty-five dollars and twenty-three cents ($1,095.69), representing five percent (5%) of the wages and reimbursements owed to Plaintiff, with such total amount to be paid to Plaintiff at the rate of two thousand dollars ($2,000) per month over the period between January and November 2015.

35.      Defendants made such payments, each in the amount of two thousand dollars ($2,000) to Plaintiff in the months of January, March and April 2015, after which such payments ceased and have not resumed.

36.      To date, the total amount of wages and reimbursements due and owing to Plaintiff by Defendants totals no less than fifteen thousand nine hundred thirteen and seventy-nine cents ($15, 913.79).

37.      To date, the entirety of the agreed-upon additional five percent (5%) payment in the amount of one thousand fifty-five dollars and twenty-three cents ($1,055.23) remains due and owing to Plaintiff.

FIRST CAUSE OF ACTION
(Fair Labor Standards Act)

38.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39.      Defendants failed to pay to the Plaintiff any of the wages owed to him, thereby failing to pay Plaintiff minimum wage, overtime and timely wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and its implementing regulations.

40.      Defendants' failure to pay Plaintiff minimum wage, overtime hours wages and timely wages was willful within the meaning of 29 U.S.C. § 255.

41.      Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

SECOND CAUSE OF ACTION
(New York Labor Law)

42.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

7

43.     Defendants failed to pay to the Plaintiff any of the wages owed to him, thereby failing to pay Plaintiff minimum wage, overtime hours wages, and timely wages in violation of New York Labor Law Articles 6 and 19 and their implementing regulations.

44.     Defendants' failure to comply with New York wage and hour protections caused Plaintiff to suffer loss of wages and interest thereon.

THIRD CAUSE OF ACTION
(Quantum Meruit)

45.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46.     Defendants had an obligation  to compensate Plaintiff with wages for the hours worked for Defendants.

47.     Plaintiff conferred benefits upon Defendants by working hours on Defendants' behalf.

48.     Defendants had an appreciation and/or knowledge of the benefits being conferred upon them by Plaintiff.

49.     Notwithstanding the foregoing, Defendants retained the wages due and owing to Plaintiff.

50.     The circumstances of Defendants' retention of the wages dues and owing Plaintiff make it inequitable for Defendants to have received the benefits of Plaintiff's work without paying for its value.

FOURTH CAUSE OF ACTION
(Breach of Contract)

51.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52.     Defendants contracted with Plaintiff to pay Plaintiff the wages and reimbursements due and owing him, with interest thereon.

53.     Plaintiff performed under the contract.

54.     Defendants breached their obligations under the contract.

55.     As a result of Defendants' breach, Plaintiff suffered damages, including loss of monies due and owing to him by Defendants.

WHEREFORE, Plaintiff requests that this Court enter an order:

i.      Declaring that the Defendants violated FLSA and NYLL;

ii.     Declaring that the Defendants' violation of FLSA and NYLL was willful;

iii.    Enjoining the Defendants from committing future violations of FLSA and NYLL;

iv.     Granting judgment to Plaintiff for his claims of unpaid minimum wages and unpaid overtime hours wages as secured by FLSA as well as an equal amount in liquidated damages;

v.      Granting judgment to Plaintiff for his claims of unpaid minimum wages, unpaid overtime hours wages, and failure to pay timely wages under NYLL as well as an equal amount in liquidated damages, with prejudgment interest thereon at the rate of 9% per annum;

vi.     Granting Plaintiff a sum representing unpaid wages, reimbursements and agreed-upon additional payment in the total amount of seventeen thousand forty-nine dollars and ninety-four cents ($17,049.94) with interest thereon at the rate of 9% per annum from April 2015;

vii.    Awarding Plaintiff costs, reasonable attorneys fees and pre- and post-judgment interest; and

viii.   Granting such further relief as the Court finds just and equitable.

9

Dated: Rhinebeck, New York
      July 10, 2015

Russell G. Wheeler (RW8995)
Charny & Associates
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnyandassociates.com
Attorneys for Plaintiff

## CONSENT TO SUE UNDER THE FLSA

I, JOSEPH LEE SIMPSON, hereby consent to be a plaintiff in the foregoing minimum wage and overtime lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to secure unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with ADVANCED RECONNAISANCE CORP. and any other associated parties.

I hereby authorize Charny & Associates and any associated attorneys, as well as any successors or assigns, to represent me in such action.

Dated: July __8__, 2015      _____
                                 Joseph Lee Simpson