UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LEE SIMPSON,

                                    Civil Action No.  7:15-cv-05391-KMK

                         Plaintiff,

         v.

ADVANCED RECONNAISSANCE
CORP., MARK WESTFIELD, JOSEPH
JAMIN, DR. SHENG-HUEI CHANG,

                         Defendants.

<u>SETTLEMENT AGREEMENT</u>

WHEREAS, Plaintiff Joseph Lee Simpson filed a civil action on July 13, 2015, against Defendants Advanced Reconnaissance Corporation, Mark Westfield, Joseph Jamin and Dr. Sheng-Huei Chang;

WHEREAS, such civil action asserted claims against the Defendants pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law and breach of contract and promissory estoppel under New York Common Law;

WHEREAS, all Defendants appeared by counsel and on October 30, 2015 answered the Complaint;

WHEREAS, on November 9, 2015, Plaintiff filed a First Amended Complaint adding claims against Defendants for retaliation pursuant to the FLSA and New York Labor Law;

WHEREAS, Defendants answered the First Amended Complaint on November 23, 2015;

WHEREAS, the Parties exchanged and responded to Requests for Production of Documents and Interrogatories;

WHEREAS, on May 3, 2016, Defendants' counsel moved to withdraw as counsel for Defendants;

WHEREAS, on June 10, 2016, the Court granted the motion to withdraw as counsel and ordered Defendant Advanced Reconnaissance Corp. to obtain successor counsel within thirty (30) days;

1

WHEREAS, Defendant Advanced Reconnaissance Corp. did not appear by successor counsel within thirty (30) days of the Court's Order and Defendants Mark Westfield, Joseph Jamin and Dr. Shang Huei-Chang proceeded <u>pro se</u>;

WHEREAS, Plaintiff conducted additional discovery concerning the Action, including the depositions of Defendants Joseph Jamin and Dr. Sheng-Huei Chang;

WHEREAS, since its counsel's withdrawal, Defendant Advanced Reconnaissance Corp. has not appeared in the Action;

WHEREAS, Plaintiff and Defendants Mark Westfield and Joseph Jamin entered into settlement negotiations directed toward a complete and total resolution of all claims asserted in the Action against Defendants;

WHEREAS, Plaintiff's counsel and Defendants Mark Westfield and Joseph Jamin appeared before Hon. Judith C. McCarthy, U.S.M.J. on August 15 and September 28, 2016 and reported on the status of settlement negotiations;

WHEREAS, it is the collective desire of Plaintiff and Defendants Westfield and Jamin to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Action as to all of the Defendants;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, Plaintiff and Defendants Westfield and Jamin enter into this Settlement Agreement, as follows:

1. Definitions:

    a. "Plaintiff" refers to Plaintiff Joseph Lee Simpson.

    b. "Defendants" refers to Advanced Reconnaissance Corp., Mark Westfield, Joseph Jamin and Dr. Sheng-Huei Chang.

    c. "Defendant ARC" refers to Defendant Advanced Reconnaissance Corp.

    d. "Defendant Westfield" refers to Defendant Mark Westfield.

    e. "Defendant Jamin" refers to Defendant Joseph Jamin.

    f. "Defendant Chang" refers to Defendant Dr. Sheng-Huei Chang;

    g. "Releasees" refers to and includes Defendants.

    h. "Settling Defendants" refers to Defendants Westfield and Jamin.

    i. "Settling Parties" refers to Plaintiff and the Settling Defendants.

j. "Plaintiff's Counsel" refers to Russell Wheeler of Chanry & Associates.

k. "Wage Claims" refers to Plaintiff's claims brought pursuant to the provisions of the FLSA and the New York Labor Law, as set forth in the Complaint and First Amended Complaint.

l. "State Common Law Claims" refers to Plaintiff claims for breach of contract and promissory estoppel, as set forth in the Complaint and First Amended Complaint.

m. "Settlement Amount" refers to the Twenty-Five Thousand Six Hundred Fifty-Five Dollars And Seventy-Six Cents ($25,655.76) to be paid by Defendants as set forth herein.

2.      This Settlement Agreement is made and entered into by and between the Settling Parties. This Settlement Agreement is subject to the terms and conditions hereof. The Settling Parties hereby agree to fully and finally settle, compromise and resolve all claims that were brought in the Action as to all Defendants, on the terms and conditions set forth in this Settlement Agreement.

3.      Plaintiff's Counsel has conducted a thorough investigation into the facts of the Action, including an extensive review of documents and data produced to Plaintiff and the depositions of two of the Defendants, and has diligently pursued investigation and prosecution of Plaintiff's claims against Defendants. Plaintiff's Counsel's assessment is further informed by information obtained in discovery and through his own investigation that Defendants ARC and Chang have few if any available assets, substantial liabilities and minimal prospects of obtaining assets that could be used to fund a settlement or satisfy a judgment in the Action.  Based on his own independent investigation and evaluation, Plaintiff's Counsel is of the opinion that the settlement with Settling Defendants for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Plaintiff in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Defendants. In addition, Plaintiffs' counsel has evaluated and considered the risk of non-payment due to limited financial means of the Defendants. Settling Defendants agree the settlement as stated in this Settlement Agreement is reasonable and fair.

4.      Payment Terms and Consideration.  In consideration for the promises in this Settlement Agreement, the Settling Defendants shall pay the gross sum of Twenty-Five Thousand Six Hundred Fifty-Five Dollars And Seventy-Six Cents ($25,655.76) ("Settlement Amount") in full resolution of all of Plaintiff's claims against Defendants in the Action, including attorneys' fees and costs.  No Settlement Amount monies will revert back to Defendants. In the event the Court reviews the settlement under the FLSA and finds the settlement to not be fair and reasonable, all terms of this agreement shall be a nullity, except to the extent that the Court indicates any changes of terms required and the Settling Parties agree to such changes, in the form of a supplement to this agreement.

3

a. Settling Defendant's Payment of the Settlement Amount.  Defendant Westfield and Defendant Jamin shall each contribute Fifty Percent (50%) of the Settlement Amount, as set forth below:

    i. Defendant Westfield's Contribution to the Settlement Amount.  The Settling Parties acknowledge that on or about August 30, 2016, Defendant Westfield transmitted to Plaintiff's counsel payment in the amount of Twelve Thousand Eight Hundred Seventy-Seven Dollars And Eighty-Eight Cents ($12,877.88), representing Defendant Westfield's contribution to the Settlement Amount, and requested that Plaintiff's Counsel hold such funds in escrow pending finalization and Court approval of the Settlement Agreement.  The Settling Parties further acknowledge that Plaintiff's Counsel has deposited such funds into his firm's Attorney Trust Account.  Plaintiff's Counsel shall continue to maintain such funds in escrow pending the Settlement Effective Date.

    ii. Defendant Jamin's Contribution to the Settlement Amount.  Within fourteen (14) days after the Settlement Effective Date, Defendant Jamin shall tender payment to Plaintiff's counsel in the amount of Twelve Thousand Eight Hundred Seventy-Seven Dollars And Eighty-Eight Cents ($12,877.88), representing Defendant Jamin's contribution to the Settlement Amount.

b. Attorneys' Fees. The "Settlement Amount" herein includes attorneys' fees and costs. Should one be necessary, Defendants agree not to oppose Plaintiff's Counsel's application for fees and costs. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the motion for approval of the settlement (if one is filed).

c. No Tax Advice. Plaintiff shall be solely responsible for the reporting and payment of any federal, state and/or local income taxes or other taxes or any other withholdings, if any, on any of the monies or benefits conveyed to him under this Settlement Agreement.  Settling Defendants make no representations as to the taxable nature of the amounts or sums received by the Plaintiffs, the attorney's fees, costs or expenses to Plaintiff's Counsel, or the service payment to the Named Plaintiff. Plaintiff is responsible for his own tax advice at his own expense.

## MUTUAL FULL COOPERATION

5.      The Settling Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Settling Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of the Settling Defendants, take all necessary steps to secure the Court's approval of this Settlement Agreement, if necessary, and to dismiss the Action with prejudice and without costs to any party upon complete performance of the terms and conditions of the Settlement.

6.      Plaintiff shall sign a statement in the form attached as Exhibit A hereto stating "By accepting and receiving the full settlement payment from Defendants, in the amount of $25,655.76, I waive any right to bring against Defendants a suit for back wages under the Fair Labor Standards Act, New York Labor Law and all other applicable state laws for unpaid wages through July 15, 2015. I agree that by accepting this payment, I have settled my claims for any unpaid wages, liquidated damages, interest, and associated penalties arising out of my employment with ARC."

7.      Plaintiff shall execute a release in the form attached as Exhibit B hereto forever releasing and discharging Defendants with respect to the State Common Law Claims.

8.      Settlement Effective Date**.** This Settlement Agreement shall become effective on the date it is executed by the Settling Parties.

9.      Distribution of Settlement Proceeds to Plaintiff.  Within fourteen (14) days after the Settlement Effective Date, Plaintiff's counsel shall issue to Plaintiff his share of the Settlement Amount ("Settlement Proceeds") by check payable to Joseph Lee Simpson.  The Settlement Proceeds shall consist of Sixteen Thousand Nine Hundred Sixty-Nine Dollars And Two cents ($16,969.02).   Settlement Proceeds shall be paid to Plaintiff on an IRS Form 1099, as ARC, the corporate entity that was responsible for issuing payment of wages to Plaintiff, is defunct and the Settlement Award is being funded by Defendants Westfield and Jamin, neither of whom is capable of issuing to Plaintiff an IRS Form W-2.

10.      Attorney's Fees and Costs.  The balance of the Settlement Amount, in the amount of Eight Thousand Six-Hundred Eighty-Six Dollars and Seventy-Four Cents ($8,686.74), shall be retained by Plaintiff's counsel as attorney's fees and costs.  Of that amount, costs comprise One Thousand Five Hundred Fifty-Two Dollars And Twenty-Two Cents ($1,552.22) and attorney's fees comprise Seven Thousand One Hundred Thirty-Four Dollars and Fifty-Two Cents ($7,134.52).

## ENFORCEMENT ACTIONS

11.     This Settlement Agreement is fully enforceable in the U.S. District Court for the Southern District of New York before the Honorable Kenneth M. Karras or such judge as may be designated in his stead by the procedures of the Court, who shall retain jurisdiction to enforce this agreement.

## CONSTRUCTION

12.     The Settling Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between them and that the Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

## CAPTIONS AND INTERPRETATIONS

13.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

14.     This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

15.     This Settlement Agreement constitutes the entire agreement between the Settling Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Settling Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

## NO PRIOR ASSIGNMENTS

16.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## **COUNTERPARTS**

29.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Settling Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.


Dated: _____      _____
                                  Mark Westfield, individually


Dated: _____      _____
                                  Joseph Jamin, individually


Dated: _____      _____
                                  Russell G. Wheeler, Charny & Associates,
                                  on behalf of Plaintiff Joseph Lee Simpson

Exhibit A

<u>STATEMENT OF JOSEPH LEE SIMPSON PURSUANT TO SETTLEMENT AGREEMENT</u>

By accepting and receiving the full settlement payment from Defendants Joseph Jamin and Mark Westfield, in the amount of $25,655.76, I waive any right to bring against Defendants Advanced Reconnaissance Corp., Joseph Jamin, Mark Westfield and/or Dr. Sheng-Huei Chang a suit for back wages under the Fair Labor Standards Act, New York Labor Law and all other applicable state laws for unpaid wages through July 15, 2015. I agree that by accepting this payment, I have settled my claims for any unpaid wages, liquidated damages, interest, and associated penalties arising out of my employment with Advanced Reconnaissance Corp.

_____

Joseph Lee Simpson

Exhibit B

## GENERAL RELEASE

TO ALL WHOM THESE PRESENTS SHALL COME OR MAY CONCERN:

KNOW THAT
                    JOSEPH LEE SIMPSON

                                            as RELEASOR,

in consideration of the sum of TWENTY-FIVE THOUSAND SIX HUNDRED FIFTY-FIVE DOLLARS AND SEVENTY-SIX CENTS ($25,655.76)) and other good and valuable consideration, receipt of which is acknowledged, does hereby release and discharge

              ADVANCED   RECONNAISSANCE   CORP.,   MARK   WESTFIELD,
                  JOSPEH JAMIN AND DR. SHENG-HUEI CHANG,

                                        as RELEASEES,

from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, sounding in breach of contract and/or promissory estoppel which against RELEASEES, RELEASOR  ever had, now has or which his successors and assigns, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of  the execution of this Release; including any and all claims including any and all claims premised on breach of contract and/or promissory estoppel that RELEASOR  may have of arising out of his employment with RELEASEES from in or about August 2009 through July 2015.

                                    _____

                                      Joseph Lee Simpson

STATE OF NEW YORK      )
                           ) ss.:
COUNTY OF            )

      On the _____ day of November, in the year 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared JOSEPH LEE SIMPSON, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                  _____

                                      Notary Public