UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LEE SIMPSON,

                              Plaintiff,

       -v-

ADVANCED RECONNAISSANCE CORP.,
MARK WESTFIELD, JOSEPH JAMIN, DR.
SHENG-HUEI CHANG,

                              Defendants.

No. 15-CV-5391 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

       On July 15, 2015, Plaintiff Joseph Lee Simpson ("Plaintiff") brought this action against

Advanced Reconnaissance Corp. ("ARC"), Mark Westfield ("Westfield"), Joseph Jamin

("Jamin"), Dr. Sheng-Huei Chang ("Chang" and, collectively with ARC, Westfield, and Jamin,

"Defendants"), pursuant to the Fair Labor Standards Act of 1938 (the "FLSA") and New York

Labor Law §§ 190, 650 et seq. (*See* Compl. ¶¶ 1, 19, 43 (Dkt. No. 12).) Defendants employed

Plaintiff as an engineering technician at Defendants' Fishkill, New York location from on or

about August 2009 through July 2010, from on or about September 2011 through November

2013, and from on or about September 2015 to the time Plaintiff filed his Complaint. (*Id.* ¶ 19.)

According to Plaintiff, Defendants "willful[ly]" violated the FLSA, (*id.* ¶ 40), violated New

York Labor Law, (*id.* ¶ 43), knowingly retained wages due and owed to Plaintiff, (*see id.* ¶¶ 48–

49), and breached their obligations to Plaintiff under contract, (*see id.* ¶ 54).

       On November 3, 2016, the Parties submitted to the Court a letter and Settlement

Agreement (the "Proposed Settlement"), requesting approval of a settlement between the Parties.

(Dkt. No. 60.) On December 7, 2016, the Court declined to approve the Proposed Settlement

because the Court was concerned about the breadth of the Proposed Settlement's release

provision and required additional information regarding the proposed attorney's fees. (*See* Order

4–7 (Dkt. No. 62).) On March 6, 2017, the Parties jointly moved for approval of a revised

Settlement Agreement (the "Revised Proposed Settlement"). (*See* Dkt. Nos. 63–64.) For the

reasons to follow, the Court now approves the Revised Proposed Settlement.

As noted in the Court's prior Order, under Fed. R. Civ. P. 41(a)(1)(A), a plaintiff's ability

to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal

statute." "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's

request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P.

41(a)(2). The Second Circuit has recently confirmed that the FLSA is an "applicable federal

statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with

prejudice require the approval of the district court or the [Department of Labor] to take effect."

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Consequently, "the

[P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon*

*Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015); *see also*

*Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015)

(same).

When assessing a proposed settlement for fairness, there is generally "a strong

presumption in favor of finding a settlement fair, as the Court is generally not in as good a

position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v.*

*Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted);

*see also Souza v  65 St  Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov.

6, 2015) (same); *Martinez v  Hilton Hotels Corp* , No. 10-CV-7688, 2013 WL 4427917, at *1

(S.D.N.Y. Aug. 20, 2013) (same).

2

As a number of courts have recognized, to determine whether a proposed settlement is

fair and reasonable, a court should consider the totality of the circumstances, including but not

limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the
> settlement will enable the parties to avoid anticipated burdens and expenses in
> establishing their respective claims and defenses; (3) the seriousness of the
> litigation risks faced by the parties; (4) whether the settlement agreement is the
> product of arm's-length bargaining between experienced counsel; and (5) the
> possibility of fraud or collusion.

*Penafiel*, 2015 WL 7736551, at *1 (internal quotation marks omitted) (quoting *Wolinsky v.*

*Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); *see also Garcia v. Jambox, Inc.*, No.

14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same); *Camacho v. Ess-A-*

*Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same).

Factors which weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a
> likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-
> compliance by the same employer or others in the same industry or geographic
> region; and (4) the desirability of a mature record and a pointed determination of
> the governing factual or legal issue to further the development of the law either in
> general or in an industry or in a workplace.

*Penafiel*, 2015 WL 7736551, at *1 (internal quotation marks omitted) (quoting *Wolinsky*, 900 F.

Supp. 2d at 336); *see also Garcia*, 2015 WL 2359502, at *2 (same); *Camacho*, 2014 WL

6985633, at *2 (same). Making this determination is thus an information-intensive undertaking,

*id.*, and "the parties must provide the [C]ourt with enough information to evaluate the bona fides

of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1

(S.D.N.Y. Dec. 3, 2015) (internal quotation marks omitted). To this end, courts require

information surrounding "the nature of [the] plaintiffs' claims, . . . the litigation and negotiation

process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of

3

[the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award." *Id.* (first alteration in original) (internal quotation marks omitted).

In its prior Order, the Court concluded that the Proposed Settlement was unsatisfactory because (1) "[t]he breadth of the Proposed Settlement's release provision [wa]s problematic," (Order 4), and (2) the Court was unable to determine the reasonableness of the proposed attorney's fees and costs Plaintiff's attorney would receive, (*see id.* at 6–7).

Under the previous Proposed Settlement, Plaintiff agreed to "waive any right to bring against Defendants a suit for back wages under the Fair Labor Standards Act, New York Labor Law and all other applicable state laws for unpaid wages through July 15, 2015." (Proposed Settlement ¶ 6 (Dkt. No. 60); *id.* Ex. A.) Additionally, the General Release appended to the Proposed Settlement purported to release and discharge Defendants

> from any and all manner of action and actions, cause and causes of action, suits, debt, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, sounding in breach of contract and/or promissory estoppel which against RELEASEES, RELEASOR ever had, now has or which his successors and assigns, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of the execution of this Release; including any and all claims . . . premised on breach of contract and/or promissory estoppel that RELEASOR may have of arising out of his employment with RELEASES from in or about August 2009 through July 2015.

(*Id.* Ex. B.) The Court found the language of the releases "'amount[ed] to a general release that offends the FLSA.'" (*See* Order 5 (citing *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) .)

Pursuant to the release provision in the Revised Proposed Settlement, Plaintiff agrees to "waive any right to bring against Defendants a suit for back wages under the Fair Labor

4

Standards Act, New York Labor Law and all other applicable state laws for unpaid wages

through July 15, 2015 *as alleged in the First Amended Complaint in [this Action]*." (Letter from

Russell G. Wheeler, Esq. to Court (Mar. 6, 2017) Ex. 1 ("Revised Proposed Settlement") ¶ 6

(Dkt. No. 60); *see also id.* Ex. A (emphasis added).) As the revised provision releases

Defendants from liability related only to the facts at issue in this Action and the Revised

Proposed Settlement "dispenses with the general release of claims," (*id.* at 1), the Court is now

satisfied that the provision is appropriately narrow.

 Additionally, with respect to the attorney's fees, the Parties have submitted adequate

information to support the reasonableness of the request. Under the FLSA, a successful plaintiff,

including one who settles, is entitled to attorney's fees. *See Lizondro-Garcia v Kefi LLC*, No.

12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015). In the Second Circuit, courts

generally draw on the following considerations—commonly known as the "*Goldberger*

factors"—when assessing the reasonableness of attorney's fees: "(1) the time and labor expended

by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4)

the quality of representation; (5) the requested fee in relation to the settlement; and (6) public

policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)

(alteration and internal quotation marks omitted).

 When requesting attorney's fees in an FLSA case, "counsel must submit evidence

providing a factual basis for the award." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336

(S.D.N.Y. 2012). Although courts may elect to award fees by either considering the lodestar

method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably

expended—or the percentage method—a percentage of the total amount recovered by the

plaintiff—"[t]he trend in [the Second] Circuit is toward the percentage method." *Wal-Mart*

*Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Even where attorney's fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

"The Parties' submission . . . provide[d] none of the information necessary for the Court to determine the reasonableness of the $7,134.52 in attorney's fees and $1,552.22 in costs Plaintiff's counsel seeks." (Order 6.) In response Plaintiff's attorney has now provided "itemized billing memorandum" detailing billable hours and expenses devoted to Plaintiff's case. (*See* Letter from Russel G. Wheeler, Esq. to Court (Mar. 6, 2017) Ex. 1 ("Wheeler Decl.") ¶ 16 (Dkt. No. 64).)

Plaintiff's counsel seeks a fee award of approximately 28% of the total recovery, that is, $7,134.49 of the $25,655.76 settlement. (*See id.* ¶ 25.) Courts in the Second Circuit frequently award attorneys in FLSA settlements 33% of the total recovery in fees. *See Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar.

16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016).

Plaintiff's counsel has submitted a detailed rationale for the proposed $7,134.49 in attorney's fees. (*See* Wheeler Decl. Ex. A.) Plaintiff's counsel charged an hourly rate of $300, (*see id.*), an amount that is reasonable considering Plaintiff's counsel "ha[s] practiced extensively in the field of labor and employment law," (*id.* ¶ 11). *See also Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) (finding that fees ranging from $250 to $450 are appropriate for experienced litigators in wage-and-hour cases). Plaintiff's counsel has also provided a detailed rationale of the $1,552.22 in costs counsel seeks. (Wheeler Decl. Ex. A.) Additionally, a review of the supporting billing records does not indicate any unnecessary or duplicative work by Plaintiff's counsel. (*Id.*). The Parties have thus satisfactorily addressed the Court's concerns about the proposed payments to Plaintiff's attorney.

With these concerns addressed, the Court sees no other reason why the Revised Proposed Settlement should not be approved. The *Wolinsky* factors collectively weigh in favor of settlement, *see Wolinsky*, 900 F. Supp. 2d at 335–36, and allowing the Parties to settle would afford them certainty, finality, and resolution of their dispute without the attendant risks and delay inherent in litigation generally, *see, e.g.*, *Zamora v. One Fifty Fifty Seven Corp*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (approving FLSA settlement where it would "allow the parties to avoid the costs associated with continued litigation" and "would provide certainty whereas continued litigation would carry significant risks").

Accordingly, the Court is satisfied that the settlement represents a reasonable

compromise of Plaintiff's claims, and, thus, it is approved. All claims having been settled, the

Clerk of Court is respectfully requested to close the case.

SO ORDERED.

DATED:    May **3**__, 2017
          White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

8